**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHARLES E. GRIFFIN II,<br><br>       Petitioner,<br><br>   v.<br><br><br>WARDEN P. D. BRAZELTON, et al.,<br><br>       Respondents. | Case No. 1:13-cv-01079-AWI-SKO-HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURSIDCTION (DOC. 1), DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DIRECT THE CLERK TO CLOSE THE CASE<br><br>**OBJECTIONS DEADLINE:**<br>**THIRTY (30) DAYS** |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is the petition, which was filed on July 15, 2013.

    I.   <u>Screening the Petition</u>

    Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a

1

preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). A petition for habeas corpus, however, should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, Petitioner is an inmate of the Pleasant Valley State Prison located in Coalinga, California, which is located within this district. Petitioner alleges he has suffered retaliation from

2

officers of various state prisons in which he has been housed for
having attempted to grieve issues and receive relief in the course
of administrative appeals within the prison system.   Petitioner
alleges he has suffered the taking and destruction of his personal
property, including but not limited to a cassette player and legal
paperwork, and the obstruction and delay of his efforts to exhaust
his administrative remedies.

Petitioner raises the following claims in the petition: 1)
prison staff violated his First, Fifth, Sixth, and Fourteenth
Amendment rights to seek the timely redress of grievances; 2) the
state trial court abused its discretion and violated petitioner's
First Amendment and due process rights in denying Petitioner's
petition for habeas corpus relief; and 3) the state courts' failure
to address his issue of retaliation violated Petitioner's rights
under the First, Sixth, and Fourteenth Amendment and his right to
equal protection of the law.   Petitioner seeks compensation for his
property loss and an order preventing any further harassment.
(Pet., doc. 1, 1-31, 38.)   A complete review of the petition
reflects that Petitioner's injury consisted of the loss of his
property and his experience of retaliatory obstruction and delay in
the process of exhausting his administrative remedies concerning the
injury.   (Id. at 1-137.)

II.   Conditions of Confinement

This Court has a duty to determine its own subject matter
jurisdiction, and lack of subject matter jurisdiction can be raised
on the Court's own motion at any time.   Fed. R. Civ. P. 12(h)(3);
CSIBI v. Fustos, 670 F.2d 134, 136 n.3 (9th Cir. 1982) (citing City
of Kenosha v. Bruno, 412 U.S. 507, 511-512 (1973)).

3

A court will not infer allegations supporting federal jurisdiction. A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears; thus federal subject matter jurisdiction must always be affirmatively alleged. Fed. R. Civ. P. 8(a); Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989).

A federal court may only grant a state prisoner's petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141 42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

A constitutional claim concerning the application of rules administered by a prison or penal administrator that challenges the duration of a sentence is a cognizable claim of being in custody in violation of the Constitution pursuant to 28 U.S.C. §2254. See, e.g., Superintendent v. Hill, 472 U.S. 445, 454 (1985) (determining a procedural due process claim concerning loss of time credits resulting from disciplinary procedures and findings). The Supreme Court has held that challenges to prison disciplinary adjudications

4

1   that have resulted in a loss of time credits must be raised in a

2   federal habeas corpus action and not in a § 1983 action because such

3   a challenge is to the very fact or duration of physical

4   imprisonment, and the relief sought is a determination of

5   entitlement of immediate or speedier release.  Preiser v. Rodriguez,

6   411 U.S. 475, 500.  Thus, such claims are within the core of habeas

7   corpus jurisdiction.

8       This circuit has recognized a possibility of habeas

9   jurisdiction in suits that do not fall within the core of habeas

10  corpus.  Bostic v. Carlson, 884 F.3d 1267 (9th Cir. 1989)

11  (expungement of disciplinary finding likely to accelerate

12  eligibility for parole); Docken v. Chase, 393 F.3d 1024 (9th Cir.

13  2004) (a claim challenging the constitutionality of the frequency of

14  parole reviews, where the prisoner was seeking only equitable

15  relief, was held sufficiently related to the duration of

16  confinement).  However, relief pursuant to § 1983 remains an

17  appropriate remedy for claims concerning administrative decisions

18  made in prison where success would not necessarily imply the

19  validity of continuing confinement.  Docken v. Chase, 393 F.3d at

20  1030 (characterizing Neal v. Shimoda, 131 F.3d 818 (9th Cir. 1997)

21  as holding that a § 1983 suit is an appropriate remedy for

22  challenges to conditions [there, administrative placement in a sex

23  offender program affecting eligibility for parole] which do not

24  necessarily imply the invalidity of continuing confinement); Ramirez

25  v. Galaza, 334 F.3d 850, 852, 858 (9th Cir. 2003).

26      Here, Petitioner's claims do not relate to or affect the

27  duration of his confinement; rather, they concern only the

28  conditions of his confinement.  Petitioner has submitted complete

5

documentation of his attempts to exhaust administrative and state court remedies regarding his claims.  However, neither Petitioner's express allegations nor the submissions contain specific facts that demonstrate that as a result of the challenged procedures, the legality or duration of Petitioner's confinement, as distinct from the conditions of his confinement, was affected.

Thus, the Court concludes that it lacks subject matter jurisdiction over the petition.

III.   <u>Remedy</u>

Because Petitioner has already submitted complete documentation of the challenged process, it does not appear that if leave to amend were granted, Petitioner could allege a tenable claim relating to the legality or duration of his confinement.  Accordingly, Petitioner's habeas petition should be dismissed without leave to amend.

Although the Court lacks habeas corpus jurisdiction over the claims concerning conditions of confinement, the Court could construe Petitioner's claims as a civil rights complaint brought pursuant to 42 U.S.C. § 1983.  <u>See</u>, <u>Wilwording v. Swenson</u>, 404 U.S. 249, 251 (1971).  However, the Court declines to construe the petition as a civil rights complaint because of various differences in the procedures undertaken in habeas proceedings on the one hand, and civil rights actions on the other.

First, if the petition were converted to a civil rights complaint, Petitioner would be obligated to pay the $350 filing fee for a civil action, whether in full or through withdrawals from his prison trust account in accordance with the availability of funds.  28 U.S.C. §§ 1914, 1915(b).  The dismissal of this action at the

6

pleading stage would not terminate Petitioner's duty to pay the $350 filing fee.

Here, the petition was not accompanied by the $350 filing fee, although there was an authorization by Petitioner to have payments deducted from his trust fund account.  Nevertheless, it is clear that Petitioner anticipated payment of the smaller amount of $5.00 applicable to habeas corpus proceedings and not the much larger sum of $350.  See, 28 U.S.C. § 1914.

Further, 42 U.S.C. § 1997e(a) provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  This provision requires exhaustion "irrespective of the forms of relief sought and offered through administrative avenues."  Booth v. Churner, 532 U.S. 731, 741 n.6 (2001).  Here, the completion of administrative remedies is in question, and the issue provides the basis of a claim.

Petitioner has also failed to identify the capacity in which the named respondent would be sued for purposes of a civil rights claim -- which is critical to the issue of sovereign immunity.  In addition, if the petition were converted to a civil rights complaint, the Court would be obligated to screen it pursuant to the screening provisions of the Prisoner Litigation Reform Act of 1995. 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).  It is not clear that all of Petitioner's allegations state civil rights claims.  If the pleading ultimately were dismissed for failure to state a claim upon which relief may be granted, such a dismissal could count as a

1  "strike" against Petitioner for purposes of 28 U.S.C. § 1915(g) and
2  any future civil rights action he might bring.

3       Based on the foregoing, the Court concludes that it is
4  appropriate to dismiss the petition without prejudice so Petitioner
5  himself may determine whether or not he wishes to raise his present
6  claims through a properly submitted civil rights complaint.

7       IV.  <u>Certificate of Appealability</u>

8       Unless a circuit justice or judge issues a certificate of
9  appealability, an appeal may not be taken to the Court of Appeals
10 from the final order in a habeas proceeding in which the detention
11 complained of arises out of process issued by a state court.  28
12 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336
13 (2003).

14      A certificate of appealability may issue only if the applicant
15 makes a substantial showing of the denial of a constitutional right.
16 § 2253(c)(2).  A petitioner must show that reasonable jurists could
17 debate whether the petition should have been resolved in a different
18 manner or that the issues presented were adequate to deserve
19 encouragement to proceed further.  <u>Miller-El v. Cockrell</u>, 537 U.S.
20 at 336 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  A
21 certificate should issue if the Petitioner shows that jurists of
22 reason would find it debatable whether: (1) the petition states a
23 valid claim of the denial of a constitutional right, or (2) the
24 district court was correct in any procedural ruling.  <u>Slack v.</u>
25 <u>McDaniel</u>, 529 U.S. 473, 483-84 (2000).

26      In determining this issue, a court conducts an overview of the
27 claims in the habeas petition, generally assesses their merits, and
28 determines whether the resolution was debatable among jurists of

8

1  reason or wrong.  Id.  An applicant must show more than an absence
2  of frivolity or the existence of mere good faith; however, the
3  applicant need not show the appeal will succeed.  Miller-El v.
4  Cockrell, 537 U.S. at 338.

5      A district court must issue or deny a certificate of
6  appealability when it enters a final order adverse to the applicant.
7  Rule 11(a) of the Rules Governing Section 2254 Cases.  Here, it does
8  not appear that reasonable jurists could debate whether the petition
9  should have been resolved in a different manner.  As Petitioner has
10  failed to make a substantial showing of the denial of a
11  constitutional right, no certificate of appealability should issue.

12      V.   Recommendations
13      Accordingly, it is REOMMENDED that:
14      1) The petition for writ of habeas corpus be DISMISSED without
15  prejudice for lack of subject matter jurisdiction; and
16      2) The Court DECLINE to issue a certificate of appealability;
17  and
18      3) The Clerk be DIRECTED to close the action because the
19  dismissal terminates it in its entirety.

20      These findings and recommendations are submitted to the United
21  States District Court Judge assigned to the case, pursuant to the
22  provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local
23  Rules of Practice for the United States District Court, Eastern
24  District of California.  Within thirty (30) days after being served
25  with a copy, any party may file written objections with the Court
26  and serve a copy on all parties.  Such a document should be
27  captioned "Objections to Magistrate Judge's Findings and
28  Recommendations."  Replies to the objections shall be served and

9

filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.   The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

   Dated:   **August 21, 2013**                    _____ **/s/ Sheila K. Oberto**
                                                         UNITED STATES MAGISTRATE JUDGE